Steven C. Kasarda, Esq
Arbitrator Steven C. Kasarda
75 S BROADWAY FL 4
WHITE PLAINS NY 10601-4413

$9.24 US POSTAGE
FIRST-CLASS IMI
Aug 31 2026
Mailed from ZIP 97230
1 OZ FIRST-CLASS MAIL LETTER RATE
ZONE 8
11923275

endicia

063S0010282493

**USPS CERTIFIED MAIL**

**9414 8118 9876 5599 1574 98**

COLE PARTNERS INC
Attn MARLON COLE
66 BROADWAY STE 5
STATEN ISLAND NY 10310-1303

30550763

**OFFICE OF THE IMPARTIAL ARBITRATOR**

**STEVEN C. KASARDA**
IMPARTIAL ARBITRATOR
-----------------------------------------------------------------------X
**In the Matter of the Arbitration between:**

The New York District Council of Carpenter Pension Fund. New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman, Retraining, Educational & Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, and the Carpenter Contractor Alliance of Metropolitan New York,

**Petitioners,**

**OPINION AND AWARD OF ARBITRATOR**

-against-

**COLE PARTNERS INC.**

**Respondent.**

**-----------------------------------------------------------------------------------------X**

Pursuant to the provisions of the Agreement between the Respondent-Employer and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, that was effective on **04/01/2026**, and the designation of the undersigned as Impartial Arbitrator to determine disputes concerning claim arising from payments due to The New York District Council of Carpenter Pension Fund. New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman, Retraining, Educational & Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, and the Carpenter Contractor Alliance of Metropolitan New York (Collective known as the "Benefit Funds") described in said written contract, the undersigned Arbitrator was called upon to hear and determine a controversy involving claims by the Petitioners for sums of money allegedly due to said Benefit Funds by the Respondent.

In accordance with the terms of the underlying written agreement, the Civil Practice Law and Rules of the State of New York and the herein Notice of Intention to Arbitrate dated **03/23/2026**, the undersigned by Notice of Hearing dated, **06/30/2026**, scheduled a hearing for **07/28/2026**, in order to determine the dispute between the parties.

## OPINION

On **07/28/2026**, at the place and time designated at the aforesaid Notice of Hearing.

Maura Moosnick, Esq. appeared on behalf of the Petitioners and Respondent-Employer appeared virtually by its Counsel, Steven Coren and by its Comptroller, Kathy Cloppse.

This matter was originally calendared for 04/30/26, and the Respondent received monthly adjournments, until the final date of hearing scheduled for 07/28/26. Ms. Coppse testified that sometimes the Respondent issues “manual” checks for hours worked that may have been missed in the regular pay. The Funds auditor agreed that these are the basis for some of the findings. The Record reflects that the Respondent has been given numerous opportunities to provide documentation of payment of Benefits or some valid explanation for the delinquency. In fact, the Respondent, produced more records at Hearing. I find nothing in Ms. Coppse’s testimony that is persuasive for me to conclude that the auditor’s findings are based on anything else but non-payment of benefits. At that point, I ordered the auditor to review these late records and issue a final report to me for review and award.

As such, I issued the following Award.

The testimony and evidence established that the Respondent was bound to a Collective Bargaining Agreement with the New York City District Council of Carpenters and said Agreement was effective on **04/01/2026**. This Contract obligated the Respondent- Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreement. In addition, it authorized the Petitioners to conduct an audit of the Respondent-Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Petitioners. In accordance with this auditing provision, an accountant employed by the Petitioners, with the consent of the Respondent, performed an audit of the books and records of the Respondent herein.

The testimony of the auditor employed by the Petitioners, established that an audit of the books and records of the Respondent had been performed, and delinquencies were discovered in the amount of contributions due the aforesaid Funds during the period of **04/01/2023 through 06/23/2025** The testimony further revealed that a copy of the Summary Report of this audit had been forwarded to the Respondent. Thereafter the Petitioners duly demanded payment and upon the Respondent's failure to comply this proceeding was initiated.

The testimony of the auditor set forth the accounting method employed during the course of the audit and the computation of the amount of each alleged delinquency. The Summary Report of the audit conducted was also received in evidence. The total amount of the delinquency was **$232,594.67** This includes the Petitioners request for monies due plus delinquency assessment, interest, late payment interest, their Attorney's Fees, Fee of the Arbitrator, Court Costs, Audit Costs, and Promotional Fund for the period for **04/01/2023 through 06/23/2025**, be imposed upon the Respondent all as required and set forth in the underlying written contract. This amount also includes late Payment Interest **(04/01/2023 through 06/23/2025)** that has also been due and owed. Testimony computing these amounts was received in evidence.



*USPS Article #9414811898765599157498 Date: 08/31/2026*

## AWARD

Upon the substantial and credible evidence of the case as a whole I find the Respondent-Employer, **COLE PARTNERS INC.** delinquent in Fringe Benefit monies due under its written agreement and is also obligated to pay Attorney's Fee, Fee of the Arbitrator, Court Costs, Interest, Audit Costs, Promotional Fund Fee and Late Payment Interest **(for the period 04/01/2023 through 06/23/2025)** all in accordance with the terms and provisions of the Collective Bargaining Agreement in the following amounts:

**PRINCIPAL…………………………….$132,567.66**

**INTEREST………………………………$29,857.05**

**LIQUIDATED DAMAGES……………..$33,485.44**

**PROMOTIONAL FUND DUE…………….$539.56**

**AUDIT COSTS……………………………$8,122.50**

**NON-AUDIT LPI…………………………$25,522.46**

**ATTORNEY'S FEE………………………..$1,500.00**

**ARBITRATION COSTS…………………..$1,000.00**

**TOTAL DUE……………………………..$232,594.67**

Wherefore, the Trustees of the Benefit Funds are awarded an aggregate amount of **Two Hundred Thirty-Two Thousand, Five Hundred Ninety-Four & 67/100 dollars ($232,594.67)** to be paid forthwith by **COLE PARTNERS INC.** with interest to accrue at the annual rate of **8.75 %** from the date of this award.

Dated: White Plains, New York
August 28, 2026

**STEVEN C. KASARDA,** Arbitrator



***USPS Article #9414811898765599157498 Date: 08/31/2026***

**AFFIRMATION**

(STATE OF NEW YORK)

(COUNTY OF WESTCHESTER)

The undersigned under penalty of perjury affirms that he is the Arbitrator in the within proceeding and signed same in accordance with arbitration law of the State of New York.

**Steven C. Kasarda**

To: Maura Moosnick, Esq.,
Virginia & Ambinder, LLP
40 Broad Street, 7th Floor
New York, New York 10004

Christopher Ozard
New York City District Council Carpenters Benefit Funds
395 Hudson Street
New York, New York 10014

COLE PARTNERS INC.
66 BROADWAY STE 5
STATEN ISLAND, NY 10310
Attn: MARLON COLE

Steven M. Coren, Esq.
Coren Law Group P.C.
225 Union St.
Brooklyn, NY 11231